**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6942**

---

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

ANTONIO RENALDO WALLACE,

Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, Senior District Judge; Lawrence R. Leonard, Magistrate Judge.  (4:17−cr−00029−RAJ−LRL−2)

---

Submitted:  October 23, 2024                          Decided:  January 2, 2025

---

Before DIAZ, Chief Judge, KING, Circuit Judge, and Louise W. FLANAGAN, United States District Judge for the Eastern District of North Carolina, sitting by designation.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ON BRIEF:**  Stuart Drake, Washington, D.C., Chris Ceresa, Robert A. Diehl, KIRKLAND & ELLIS LLP, New York, New York, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Eric M. Hurt, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Wallace appeals the district court's denial of his compassionate release motion. Wallace, who pleaded guilty to a federal drug conspiracy charge in 2018, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on several health conditions, including stage 2 hypertension, hyperlipidemia, obesity, anxiety disorder, and suspected long COVID.[1]

In support of his motion, Wallace retained Dr. Rasika Karnik, a professor of internal medicine and an expert in long COVID. Wallace asked Dr. Karnik to opine on both the severity of his medical conditions and on the adequacy of the Bureau of Prisons' treatment of those conditions.[2] Dr. Karnik concluded that the clinical staff at Wallace's prison failed to meet professional standards of care in treating Wallace's serious medical conditions, which exposed him to a risk of death or permanent disability.

The district court denied Wallace's motion. It found that Wallace failed to establish "extraordinary and compelling reasons to modify his sentence," *Wallace v. United States*, No. 4:17-CR-029, 2023 WL 5941731, at *3 (E.D. Va. Sept. 12, 2023), and that the statutory

---

[1] The CDC has recognized that long COVID, "a chronic condition" that sometimes follows a case of COVID-19, "is serious illness that can . . . requir[e] comprehensive care." *Long COVID Basics*, U.S. Ctrs. for Disease Control & Prevention (July 11, 2024), https://www.cdc.gov/covid/long-term-effects/index.html [https://perma.cc/MNY6-NNMD].

[2] Dr. Karnik didn't personally examine Wallace, so she based her findings on her review of his medical records. Based on those records alone, Dr. Karnik couldn't "definitively state" whether Wallace suffered from long COVID or whether some of Wallace's other symptoms resulted directly from one of his previous two COVID infections. J.A. 307 ¶ 6; *see also* Appellant's Br. at 6.

2

factors under 18 U.S.C. § 3553(a) didn't "weigh in [his] favor for compassionate release," *id.* at *4. After the district court denied Wallace's motion, the U.S. Sentencing Commission amended its guidelines in two relevant ways.

First, the Commission provided that its policy statement on compassionate release now applies to defendant-filed motions (rather than only those filed by the Bureau of Prisons). *Compare* U.S.S.G. § 1B1.13 (2018), *with* U.S.S.G. § 1B1.13 (2023). And second, it explained that compassionate release could be appropriate if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

The district court didn't consider these guideline changes in denying Wallace's motion, nor was it required to given that they were merely proposed amendments at the time of its order. But Wallace argued in his motion, as supported by Dr. Karnik's declaration, that he suffers from several conditions that require long-term care and that his facility has neglected to provide that care. Although those circumstances may not have risen to the extraordinary and compelling reasons required for early release before the amendments, the result may be different under the current version of the guidelines.

We offer no opinion on whether Wallace has met his burden for compassionate release under either the old standards or the new. It is soundly within the purview of the district court to find the facts relevant to Wallace's health conditions and his treatment, and to exercise its discretion to determine whether its findings and the § 3553(a) factors support Wallace's compassionate release. *See United States v. Davis*, 99 F.4th 647, 661 (4th Cir.

3

2024) ("[T]he Sentencing Commission's new policy statement set forth guidelines . . . that were not in effect when the [district] court denied [the defendant's] motion," and the "[a]pplication of that new guidance requires a factual inquiry that the district court should conduct in the first instance").

\*      \*      \*

For these reasons, we vacate the district court's order denying Wallace's compassionate release motion and remand for it to consider the motion under the Sentencing Commission's current guidance.  And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*